NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0034n.06
Filed: January 15, 2009

NO. 08-3526

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MARIA TERESA FERNANDEZ-MARIN,

Petitioner,

ON APPEAL FROM

v.                                                        BOARD OF IMMIGRATION

MICHAEL B. MUKASEY, Attorney General,

Respondent.

_____/

BEFORE:    SUHRHEINRICH, BATCHELDER, SUTTON; Circuit Judges.

## I.  Introduction

**SUHRHEINRICH, Circuit Judge.**  Petitioner Maria Fernandez-Marin, a native and citizen of Colombia, seeks review of a final order of removal.  The Board of Immigration Appeals (BIA) accepted the Immigration Judge's (IJ) factual determination that Fernandez-Marin was credible, but the BIA overturned the IJ's decision to grant withholding of removal after concluding that she failed to demonstrate either past persecution or a clear probability of future persecution.  Because the BIA decision was not manifestly contrary to law, we **AFFIRM**.

## II.  Background

### A.  Factual Background

The BIA summarized the relevant facts as follows:

The respondent testified that she was a member of the Catholic church and the Liberal party and employed [as a System Program Analyst] at the University of San

Buenaventura. She testified that she joined the Liberal party in 1990 in order to oppose the guerillas who had lifted up arms against the government and were involved in drug trafficking, paramilitary actions, and terrorism. She testified that, through the university, she began working with poor children, beginning in 1990, in order to educate them and prevent them from being recruited by the guerillas. She testified that the event that precipitated her departure from Colombia was a threatening phone call she received on October 23, 2000, from a man who identified himself as being a member of the guerilla group, the Revolutionary Armed Forces of Colombia (FARC). She testified that the person on the phone used vulgar language to the effect of, "You [expletive] whore don't go into our sections, don't go in to the poor children, this is my territory." She testified that she left Colombia on October 28, 2000, only 5 days after receiving the phone call. The respondent testified that her colleagues who worked with the children also received similar phone calls and, to her knowledge, none of them had ever been harmed by the FARC. She testified that her parents still live in Colombia.

*Fernandez-Marin v. Mukasey*, No. A28 338 183 (BIA Apr. 8, 2008).

## B. Procedural History

Fernandez-Marin was admitted to the United States on October 28, 2000, pursuant to a B-2 visitor's visa, which authorized her stay until April 27, 2001. On September 11 or September 20, 2002, Fernandez-Marin filed for asylum, withholding of removal under the Immigration and Naturalization Act (INA), and protection under the Convention Against Torture (CAT). On April 29, 2005, the Department of Homeland Security issued a Notice to Appear, charging Fernandez-Marin with overstaying the period of her authorized admission.

On September 6, 2005, Fernandez-Marin appeared before the Immigration Judge (IJ). She conceded removability and that her asylum claim was untimely. Thus, she only pursued withholding of removal under the INA and CAT.

On August 14, 2006, after a merits hearing on Fernandez-Marin's claims, the IJ issued an oral decision denying protection under CAT, ordering her removed to Colombia on the charges contained in the Notice to Appear, and granting her request for withholding of removal under the INA.

On August 31, 2006, the Government filed Notice of Appeal to the BIA. On April 8, 2008, the BIA issued its decision sustaining the Government's appeal. The BIA accepted the IJ's factual determination that Fernandez-Marin was credible, but the BIA overturned the IJ's decision to grant withholding of removal after concluding that she failed to demonstrate either past persecution or a clear probability of future persecution. The BIA granted Fernandez-Marin 60 days in which to voluntarily depart the United States and, alternatively, ordered her removed consistent with the IJ's decision if she failed to voluntarily depart.

On May 5, 2008, Fernandez-Marin appealed the BIA's decision to this Court.

### III. Analysis

### A. Standard of Review

Neither party takes issue with the BIA's conclusion that Fernandez-Marin is credible. Therefore, the only issue before this Court is whether the BIA erred in denying Fernandez-Marin withholding of removal. "When we review a denial of withholding of removal under the INA, [t]he standard of review requires us to uphold the BIA's determination against withholding the removal of an alien, unless it is manifestly contrary to the law." *Ndrecaj v. Mukasey*, 522 F.3d 667, 677 (6th Cir. 2008) (quotations omitted). Under this deferential standard, this Court "must find that the evidence 'not only supports a contrary conclusion, but indeed *compels* it.'" *Almuhtaseb v. Gonzales*, 453 F.3d 743, 749 (6th Cir. 2006) (quoting *Yu v. Ashcroft*, 364 F.3d 700, 702-03 (6th Cir. 2004)).

### B. Withholding of Removal

Under § 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3), an alien may not be removed to a country if "the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §

1231(b)(3)(A); *Berri v. Gonzales*, 468 F.3d 390, 397 (6th Cir. 2006). To demonstrate eligibility for withholding of removal, an alien must show that there is a clear probability that she would be subject to persecution if removed. *Fang Huang v. Mukasey*, 523 F.3d 640, 651 (6th Cir. 2008) (quotation omitted). The regulations provide that an alien satisfies the "clear probability" standard by establishing that "it is more likely than not" that the alien would be subject to persecution if removed. 8 C.F.R. § 1208.16(b)(2).

The BIA has interpreted persecution as "a harm or suffering inflicted upon an individual in order to punish the individual for possessing a belief or characteristic the entity inflicting the harm seeks to overcome." *Martinez v. Mukasey*, 260 F. App'x 834, 839 (6th Cir. 2008) (citing *Matter of Acosta*, 19 I. & N. Dec. 211 (BIA 1985), *overruled on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (BIA 1987)). Persecution consists of "more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty." *Mikhailevitch v. INS*, 146 F.3d 384, 390 (6th Cir. 1998).

### 1. Past Persecution

The regulations governing withholding of removal provide that if the alien has demonstrated past persecution in the proposed country of removal, a rebuttable presumption arises that the alien's life or freedom will be threatened in the future if removed to that country. 8 C.F.R. § 1208.16(b)(1)(i). As the BIA held, "[t]he only alleged act of persecution the respondent articulated was one phone call, which, even accepting that it contained an implied threat, did not equate to persecution." *Fernandez-Marin*, No. A28 338 183, p. 2. We agree.

Fernandez-Marin argues that current events in Colombia and the State Department's Country Report support the presumption that she would be in grave danger if removed. While her evidence

-4-

demonstrates generalized violence in Colombia, Fernandez-Marin has not provided any evidence other than the phone call that she would be singled out or targeted. Circuit precedent is settled that an individual may not rely solely on general descriptions of upheaval to satisfy the "clear probability" standard for persecution. *See, e.g., Liti*, 411 F.3d at 639-41; *Mullai v. Ashcroft*, 385 F.3d 635, 639 (6th Cir. 2004); *Yousif v. INS*, 794 F.2d 236, 242 (6th Cir. 1986). Because Fernandez-Marin has failed to establish past persecution, she is not entitled to the rebuttable presumption of future persecution. 8 C.F.R. § 1208.16(b)(1)(i).

### 2. Future Persecution

Even though Fernandez-Marin failed to demonstrate past persecution, she may demonstrate a threat of future persecution by establishing that "it is more likely than not" that she would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion upon removal. 8 C.F.R. § 1208.16(b)(2). The BIA held that Fernandez-Marin failed to demonstrate a clear probability of future persecution in Colombia. Again, we agree.

Fernandez-Marin argues that she had met her burden of proving a clear probability of future persecution based on her imputed political opinion and religious convictions. In support, she cites several facts in the record, including her testimony that FARC continues to recruit children and target those who attempt to thwart those efforts; FARC had murdered a Liberal party candidate and an Archbishop of the Catholic church after she left the country; and FARC had kidnaped members of a group supporting those who run for candidacy.

The record evidence, however, does not demonstrate that Fernandez-Marin will "more likely than not" be persecuted if removed. As Fernandez-Marin testified, none of her coworkers, including those who had received similar phone calls, has been injured or harmed by the FARC in the eight

years since receiving the phone calls, despite their continuing work with the children. And her parents, who still live in Colombia, have not been threatened or harmed. Thus, the BIA's determination was not manifestly contrary to law.

## IV.  Conclusion

For the reasons stated above, we **AFFIRM** the BIA decision dated April 8, 2008.